RECEIVED
IN LAKE CHARLES, LA

DEC 2 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20145-002 |
| VS. | : | JUDGE MINALDI |
| KEVIN DEWAYNE EDWARDS | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is the defendant's, Kevin Dewayne Edwards' ("Edwards"), Motion to Vacate Guilty Plea [doc. 313]. The motion has been opposed by the Government [doc. 316].

Edwards was named in three counts of a twenty-one count indictment, which was filed November 10, 2004. On April 24, 2007, the defendant appeared with his counsel and entered a guilty plea to Count One of the Indictment. Edwards moves to vacate his guilty plea, alleging that between the time of the indictment and entering his plea, he met with his attorney only three times. Edwards states that there was very little discussion about the "actual facts"[1] and possible defenses. Furthermore, in his motion dated October 26, 2007, Edwards maintains for the first time that he is actually innocent of the charges. He argues that he was denied adequate assistance of counsel and was misinformed about the mandatory minimum sentence.

When considering whether to grant a motion to withdraw a guilty plea this Court takes into consideration the factors set forth in *United States v. Carr*.[2] The factors that should be considered

---

[1] Motion to Vacate, ¶ 3.

[2] 740 F.2d 339, 343-44 (5th Cir.1984); *U.S. v. Quintero,* 2006 WL 3231454, *1 (C.A.5 (Miss.), 2006).

when applying this standard are: (1) whether or not the defendant has asserted his innocence;[3] (2) whether or not the government would suffer prejudice if the withdrawal motion were granted;[4] (3) whether or not the defendant has delayed in filing his withdrawal motion;[5] (4) whether or not the withdrawal would substantially inconvenience the court;[6] (5) whether or not close assistance of counsel was available;[7] (6) whether or not the original plea was knowing and voluntary;[8] and (7) whether or not the withdrawal would waste judicial resources;[9] and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading,[10] or the reasons why a defendant delayed in making his withdrawal motion.

When courts apply the factors enumerated above they consider the totality of the circumstances.[11] Certain guidelines are helpful. For example, the longer a defendant delays in filing

---

[3] *Rasmussen* at 168; *Barker* at 221.

[4] *Rasmussen* at 168; *Barker* at 222.

[5] *See Barker* at 221.

[6] *United States v. Morrow*, 537 F.2d 120, 146 (5th Cir.1976), *cert. denied sub nom.*, *Brennan v. United States*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977); *Barker* at 222; *Everett v. United States*, 336 F.2d 979, 984 (D.C.Cir.1964).

[7] *United States v. Rodriguez-DeMaya*, 674 F.2d 1122, 1128 (5th Cir.1982); *United States v. Pressley*, 602 F.2d 709, 711 (5th Cir.1979); *Morrow* at 146; *Rosas v. United States*, 505 F.2d 115 (5th Cir.1974), *cert. denied*, 421 U.S. 1001, 95 S.Ct. 2402, 44 L.Ed.2d 670 (1975).

[8] *Rodriguez-DeMaya* at 1128; *Pressley* at 711; *Morrow* at 146; *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir.1973).

[9] *Rodriguez-DeMaya* at 1128; *Pressley* at 711.

[10] *Rasmussen* at 168; *Barker* at 221.

[11] *United States v. Morrow*, 537 F.2d 120, 146 (5th Cir.1976).

a withdrawal motion, the more substantial reasons he must proffer in support of his motion.[12] In addition, "[t]he movant's reasons must meet exceptionally high standards where the delay between the plea and the withdrawal motion has substantially prejudiced the Government's ability to prosecute the case."[13] Conversely, a prompt withdrawal may indicate that a plea was unknowingly entered in haste. The defendant has the burden of proving the withdrawal is justified.[14]

It is well settled that there is no absolute right to withdraw a guilty plea before the imposition of sentence. Instead, the right to do so is within the sound discretion of the trial court which will be reversed by an appellate court only for an abuse of that discretion.[15]

In examining the first and third *Carr* factors, the court notes that the defendant did not assert actual innocence until six months after his guilty plea. In *U.S. v. Washington*, 480 F.3d 309, 317 (5th Cir. 2007), the court held that a district court did not abuse its discretion when denying the defendant's motion to withdraw his guilty plea, even though the defendant asserted actual innocence, when he had waited 22 days to request a withdrawal. Edwards waited substantially longer to file,

---

[12] *Barker* at 222.

[13] *Barker* at 222 (citing *United States v. Vasquez-Velasco*, 471 F.2d 294 (9th Cir.), *cert. denied*, 411 U.S. 970, 93 S.Ct. 2163, 36 L.Ed.2d 692 (1973)).

[14] *Everett v. United States*, 336 F.2d 979, 984 n. 17 (D.C.Cir.1964); *see United States v. Webster*, 468 F.2d 769, 771 (9th Cir.1972), *cert. denied*, 410 U.S. 934, 93 S.Ct. 1385, 35 L.Ed.2d 597 (1973); *Callaway v. United States*, 367 F.2d 140, 142 (10th Cir.1966) (per curiam).

[15] *Rasmussen* at 167 (citing *Morrow; United States v. Simmons*, 497 F.2d 177 (5th Cir.), *cert. denied*, 419 U.S. 1048, 95 S.Ct. 623, 42 L.Ed.2d 643 (1974)).

six months, and he did not proffer substantial reasons for the delay in support of his motion.[16]

A consideration of the second *Carr* factor shows that a withdrawal of the guilty plea would result in prejudice to the government to the extent that witnesses may no longer be available due to the passage of time.

In considering the fourth and seventh *Carr* factors, vacating the guilty plea may result in an inconvenience to the court and a waste of judicial resources as a trial could result, necessitating transporting already sentenced co-defendants from facilities across the country, as well the judicial time and resources necessary for a trial.

As for the fifth *Carr* factor, effectiveness of counsel, Edwards testimony at his plea hearing contradicts his affidavit. He testified that he was satisfied with legal counsel, that his counsel had reviewed the plea packet with him and that he understood it. The court informed him of the maximum penalties and discussed the "safety valve" at this hearing. The court advised Edwards that he may or may not be eligible for the "safety valve" provision and the defendant indicated that he understood.

Under the sixth *Carr* factor, it is clear that Edwards made his plea voluntarily and knowingly. Edwards stated under oath and on the record that his plea was knowing and voluntary and that the factual stipulation was true and that he conspired to distribute over 500 grams of crack cocaine during the time period mentioned in the indictment.

---

[16] *Barker* at 222.

Accordingly, the defendant's Motion to Vacate his Guilty Plea will be denied.

Lake Charles, Louisiana, this 27 day of December, 2007.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE